USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE LAW OFFICE OF PHILIPPE J. GERSCHEL,

     Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

     Defendant.

---

24-CV-06303 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

  On August 21, 2024, Plaintiff the Law Office of Philippe J. Gerschel initiated this action pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), seeking to recover attorneys' fees for 50 separate administrative proceedings in which Plaintiff represented children enrolled by their parents in nonpublic schools.  On October 21, 2024, the New York City Department of Education ("Defendant" or "DOE") moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Presently before the Court is the Report and Recommendation (Dkt. No. 19, the "R&R") of the Honorable Stewart D. Aaron, which recommends granting Defendant's motion to dismiss.  For the reasons set forth below, the Court ADOPTS the R&R in full.

## BACKGROUND

**I. RELEVANT FACTS AND PROCEDURAL HISTORY**

  This decision assumes familiarity with the factual background and procedural history of this matter, which are summarized in the R&R.  The facts particularly relevant to Plaintiff's objections are set forth below.

1

After successfully litigating 50 administrative proceedings on behalf of children with disabilities who were enrolled by their parents in private schools, Plaintiff filed a complaint in this Court seeking attorney's fees for those proceedings under the fee-shifting provision of the IDEA. *See* Dkt. No. 1 ("Complaint" or "Compl."). On February 1, 2025, Judge Aaron issued an R&R recommending dismissal of the Complaint for lack of subject matter jurisdiction and for failure to state a claim. *See* R&R at 13, 15. On April 3, 2025, Plaintiff objected to the R&R, arguing that the R&R erred in concluding both that the Court lacked subject matter jurisdiction and that the Complaint failed to state a claim. *See* Dkt. No. 29 ("R&R Obj."). On April 17, 2025, Defendant responded to Plaintiff's objections, arguing that the recommendations of the R&R are correct. *See* Dkt. No. 31 ("R&R Resp."). After obtaining leave of Court to reply to Defendant's response, *see* Dkt. No. 33, Plaintiff filed a reply in support of the objections on April 25, 2025, *see* Dkt. No. 34 ("R&R Rep.").

## II.  RELEVANT STATUTORY BACKGROUND

This decision also assumes familiarity with the relevant statutory framework of the IDEA and the New York Education law, which are discussed in detail in the R&R. *See* R&R at 2–5. The statutory background particularly relevant to Plaintiff's objections is below.

### A. The IDEA

"The Individuals with Disabilities Education Act . . . offers States federal funds to assist in educating children with disabilities." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 390 (2017).[1] To receive federal funds, states must "comply with a number of statutory conditions. Among them, the State must provide a free appropriate public

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

2

education—a FAPE, for short—to all eligible children." *Id.* (citing 20 U.S.C. § 1412(a)(1)). "The [IDEA] requires participating states to establish a basic floor of meaningful, beneficial educational opportunity." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 733 (2d Cir. 2007. However, "states may exceed the federal floor and enact their own laws and regulations to guarantee a higher level of entitlement to disabled students." *Id.*

Federal district courts have jurisdiction for any actions "brought under" section 1415 of the IDEA. *Id.* § 1415(i)(3)(A). In addition, section 1415(i)(3)(B)(i)(I) allows courts to "award reasonable attorneys' fees" to "a prevailing party" in "any action or proceeding brought under this section."

### B. Parentally-Placed Private School Students with Disabilities

The IDEA provides a "a separate framework for disabled children who are parentally-placed in private schools." *E.T. v. Bd. of Educ. of Pine Bush Cent. Sch. Dist.*, No. 11-CV-05510 (ER), 2012 WL 5936537, at *10 (S.D.N.Y. Nov. 26, 2012). Students parentally-placed in private schools do not have "an individual right to receive some or all of the special education and related services that the child would receive if enrolled in a public school." *J.S. v. Scarsdale Union Free Sch. Dist.*, 826 F. Supp. 2d 635, 665 (S.D.N.Y. 2011). Instead, those students are provided with "more limited services" which are "commonly known as equitable participation." *E.T.*, 2012 WL 5936537, at *11. "Equitable participation" is "distinct from the [IDEA's] FAPE requirement." *Id.*[2] Pursuant to the IDEA's implementing regulations, equitable participation requires that children parentally-placed in private schools "have a services plan that describes the

---

[2] Children, like those in the underlying proceedings here, voluntarily placed in private school by their parents are distinct from children who may be placed in private school as an alternative setting to provide a FAPE where the relevant public school is unable to provide the necessary services for a FAPE. Such children are covered within Section 1415(k) of the IDEA and that section is not applicable here.

specific special education and related services that the [school district] will provide to the child." *Id.*

### C. New York State Education Law

"New York State participates in the IDEA statutory scheme through Article 89 of the New York State Education Law." *Bettinger v. New York City Bd. of Educ.*, No. 06-CV-06889 (PAC), 2007 WL 4208560, at *4 n.16 (S.D.N.Y. Nov. 20, 2007). In New York, the services plan for children parentally-placed in private schools "is known as an Individualized Education Service Program, i.e., the IESP" and is set out in New York Education Law § 3602–c(2)(b). *E.T.*, 2012 WL 5936537, at *11. Section 3602–c(2)(b) requires the committee on special education in the relevant school district to "develop an individualized education service program for the student based on the student's individual needs in the same manner and with the same contents as an individualized education program" upon receipt of a request for special education services. N.Y. Educ. Law § 3602–c(2)(b)(1). Section 3602-c of the New York Education Law also requires the committee on special education to "assure that special education programs and services are made available to students with disabilities attending nonpublic schools located within the school district on an equitable basis." *Id.*

## DISCUSSION

### I. LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court's *de novo* determination must take into account "the Report, the record, applicable legal authorities,

4

along with Plaintiff's and Defendant's objections and replies." *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 365 (S.D.N.Y. 2007) (quoting *Bandhan v. Lab. Corp. of Am.*, 234 F.Supp.2d 313, 316 (S.D.N.Y. 2002)).

II. **THE R&R CORRECTLY DETERMINED THAT THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS**

Plaintiff brings this case to obtain attorneys' fees under the IDEA for the fifty administrative proceedings underlying this action. In those administrative proceedings, Plaintiff's clients alleged that the DOE "fail[ed] to provide the special education services it had promised in the child's agreed-upon [IESPs]." R&R Obj. at 1. The R&R concluded—and the Court agrees—that the Court lacks subject matter jurisdiction over Plaintiff's claims because the IDEA does not provide a basis for federal jurisdiction over cases challenging the provision of services on IESPs. *See* R&R at 13. Because Plaintiff chose to litigate this action by initiating a single case seeking an award of attorneys' fees from fifty separate proceedings, the Court's analysis of subject matter jurisdiction is based on characteristics common to the underlying proceedings.[3] If Plaintiff believes that any individual proceeding for which it seeks attorneys'

---

[3] The Court also notes that Plaintiff has only provided some records for some of the underlying proceedings, which Plaintiff put forth for the first time in connection with objecting to the R&R. *See* Dkt. No. 30. "Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08-CV-03782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Layne v. Capra*, No. 17-CV-06736 (AT), 2018 WL 5255171, at *1 (S.D.N.Y. Oct. 22, 2018) (quoting *Razzoli v. Fed. Bureau of Prisons*, 12-CV-03774 (LAP), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014)).

In addition, it is far from clear that it is procedurally proper for Plaintiff to have brought this action as some kind of collective proceeding based on dozens of different underlying representations, either under the IDEA or the Federal Rules of Civil Procedure. The Court need not resolve that question, since the entirety of the action is being dismissed on the grounds set forth in this Opinion.

5

fees does not conform factually to the analysis below, Plaintiff may initiate a new action seeking attorneys' fees for that particular proceeding alone.[4]

### A. The Court Lacks Jurisdiction Over This Case Under the IDEA

The R&R concluded that the Court lacks subject matter jurisdiction over this case because the claims in the underlying proceedings were brought under state law and not the IDEA. R&R at 13. The IDEA grants district courts jurisdiction over "actions and proceedings 'brought under § 1415'" of the IDEA. *Vultaggio ex rel. Vultaggio v. Bd. of Educ.*, 343 F.3d 598, 602 (2d Cir. 2003) (quoting *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023, 1028 (9th Cir. 2000)). An action or proceeding is "brought under § 1415" if it is "established by or referenced in § 1415." *Id.* Section 1415 sets forth due process procedures to protect the rights of children with disabilities. The due process procedures include the right to submit a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," *see* 20 U.S.C. § 1415(b)(6)(A); the opportunity for an administrative hearing, *see* § 1415(f); and the ability to appeal the administrative hearing decision to the state educational agency, *id.* § 1415(g). An action that is not brought pursuant to these due process procedures is not an action "brought under" Section 1415. *See Vultaggio*, 225 F.3d at 105 (finding that a complaint brought pursuant to New York State Complaint Review Procedures, rather than the impartial hearing process outlined in § 1415, was not a proceeding brought under § 1415).

---

[4] Because this opinion addresses characteristics common to the underlying proceedings, the Court takes no position on whether any individual proceeding may have unique factual characteristics that could demonstrate it was brought under the IDEA, for the reasons set forth in section I(E) of the R&R Objections.

Under the IDEA's implementing regulations, children parentally-placed in private schools are not entitled to the due process rights established by Section 1415 when challenging the provision of services on their IESPs. The regulations set forth in 34 C.F.R. §§ 300.500–300.519 implement Section 1415's due process procedures. *See Vultaggio*, 225 F.3d at 105. A separate section of the IDEA's implementing regulations addresses due process procedures "applicable" to children enrolled by their parents in private schools. *See* 34 CFR § 300.140(a)(1). That section states that the due process procedures in 34 C.F.R. §§ 300.500–300.519 "do not apply to complaints" brought by children parentally-placed in private schools concerning "*the provision of services indicated on the child's services plan.*" 34 CFR § 300.140(a)(1) (emphasis added). The procedures that are expressly inapplicable to parentally-placed private school children include the fee-shifting provision set forth in 34 CFR § 300.517.[5] *See* 34 CFR § 300.140 ("the procedures in §§ 300.504 through 300.519 do not apply to complaints . . . including [those related to] the provision of services indicated on the child's services plan.").

Here, the proceedings for which Plaintiff seeks attorneys' fees challenged "the provision of services indicated on the child's services plan" for children voluntarily enrolled by their parents in private school. 34 CFR § 300.140(a)(1). Although Plaintiff alleges that these proceedings challenged the DOE's failure to provide a FAPE under the IDEA, *see* R&R Obj. at 20, Plaintiff's submissions in this case make clear that the underlying proceedings all challenged the provision of services on the students' IESPs: The opening paragraph of the Complaint states

---

[5] 34 CFR § 300.517 allows the court to "award reasonable attorneys' fees as part of the costs to . . . [t]he prevailing party who is the parent of a child with a disability" in "any action or proceeding brought under Section 615 of the [IDEA]." 34 CFR § 300.517(a)(1)(i) (section 615 of the IDEA is codified at § 1415 of Chapter 20 of the U.S. Code).

7

that the proceedings concerned "children with disabilities whose services were governed under Individualized Education Service Programs ('IESPs')." Compl. ¶ 1. Furthermore, Plaintiff stated that in each of the underlying proceedings, DOE had "fail[ed] to provide the special education services it had promised in the child's agreed-upon Individualized Education Service Program." R&R Obj. at 1. Because the underlying proceedings for which Plaintiff seeks attorneys' fees concerned "the provision of services indicated on the [parentally-placed private school] child's services plan," the IDEA's due process procedures expressly do not apply to the proceedings. *See* 34 CFR § 300.140(a)(1). Accordingly, the Court does not have jurisdiction to award attorneys' fees for those proceedings because they are not "actions brought under [Section 1415]" of the IDEA. 20 USC § 1415(i)(3)(A).

While the plain text of the regulations is clear, the legislative history of 34 CFR § 300.140(a) further supports this conclusion. When promulgating the regulation, the U.S. Department of Education received comments expressing concern that parents seeking to vindicate the rights of parentally-placed private school children were "limited to filing a due process complaint that an LEA has failed to comply with the child find and evaluation requirements, and not an LEA's failure to provide special education and related services as required in the services." *Assistance to States for the Education of Children With Disabilities and Preschool Grants for Children With Disabilities*, 71 FR 46540-01. The Department of Education responded that "[t]he special education and related services provided to parentally-placed private school children with disabilities are independent of the obligation to make FAPE available to these children." *Id.* Thus, "[w]hile there may be legitimate issues regarding the provision of services to a particular parentally-placed private school child with a disability . . . *there is no individual right to these services under the Act. Disputes that arise about these*

*services are properly subject to the State complaint procedures.*" *Id.* (emphasis added).  The Department of Education's public commentary reinforces the plain meaning of the statutory and regulatory text:  the IDEA does not create an individual entitlement of parentally-placed private school students to the services included on their IESPs.  Accordingly, a challenge to the provision of such services cannot be "brought under" Section 1415 of the IDEA.  20 U.S.C. § 1415(a)(3).

The case upon which Plaintiff most heavily relies, *Special Sch. Dist. No. 1, Minneapolis Pub. Schs. v. R.M.M. by & through O.M.*, 861 F.3d 769 (8th Cir. 2017) does not suggest otherwise.  First, *Special School District*—an Eighth Circuit decision—does not bind this Court.  Second, *Special School District* overwhelmingly concerns Minnesota state law, and a dispute brought by the school district about what rights *Minnesota* law provides to students enrolled by their parents in private schools.  The holding of the case is based primarily on Minnesota law, which differs from New York law in a variety of respects not worth detailing here.  Moreover, it appears from the Eighth Circuit decision that, in a case brought by the school district, no party disputed the federal courts' subject matter jurisdiction and certainly the Eighth Circuit did not address that question, which is squarely presented by the present motions in this case.  Third, when the Eighth Circuit did turn to federal law, as an alternative basis for its ruling, the *Special School District* court first acknowledged the distinction between the federally-created rights of public school students, who can bring claims under the IDEA, and those of parentally-placed private schools students, for whom the "only recourse is through the state complaint procedures." *Id.* at 773; *see also id.* at 778 ("[U]nder IDEA, due process hearings are not available for complaints from private school students about the inadequacy of the proportional funding of services or the provision of specific services to such students.").  The court then noted that, under

Minnesota law, R.M.M.'s parents were bringing their challenge as a denial of a FAPE, because Minnesota law had created "*educational* benefits exceeding the minimum federal standards" which the court stated could be enforced through the IDEA. *Id.* (quoting *Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist.*, 198 F.3d 648, 658 (8th Cir. 1999) (emphasis added)). As explained above, the students in the underlying proceedings are parentally-placed private school students whose claims in those proceedings were brought pursuant to state law; in addition, the present case solely involves the question of whether the proceedings were "brought under" Section 1415 for purposes of fee-shifting, an issue *Special School District* does not address. Accordingly, this Opinion is not inconsistent with *Special School District*.[6]

## B. Neither New York State Law Nor the IDEA's "Child Find" Obligations Confer Jurisdiction Over This Case

Plaintiff points to two other alleged sources of federal jurisdiction over this case: New York state law and the IDEA's "Child Find" requirement. *See, e.g.*, R&R Obj. at 14, 18. Neither confers federal jurisdiction over Plaintiff's claims.

### 1. New York State Law Does Not Create Federal Jurisdiction

First, Plaintiff argues that parentally-placed private school students are provided rights under the IDEA through New York regulations that implement the statute. *See, e.g.*, R&R Obj. at 2. However, as Judge Aaron correctly explained, the Second Circuit rejected this argument in *Bay Shore Union Free Sch. Dist. v. Kain* ("*Bay Shore*"), 485 F.3d 730 (2d Cir. 2007). In *Bay Shore*, the court addressed whether it had jurisdiction over claims concerning an educational right conferred by the New York Education Law, which implements the IDEA. *Bay Shore*, 485

---

[6] As noted, an Eighth Circuit case would not be binding on this Court in any event, particularly where, as discussed below, Plaintiff's interpretation of that case conflicts with a Second Circuit case, which *is* binding on this Court.

10

F.3d at 731–32. The court explained that a "federal statute is not a sufficient basis for federal question jurisdiction simply because it incorporates state law." *Id.* at 734 (quoting *City Nat'l Bank v. Edmisten*, 681 F.2d 942, 945 (4th Cir. 1982)). Even "assuming that IDEA incorporates the relevant New York Education Law," the court held, "this does not provide an independent federal question that would sustain the court's jurisdiction." *Id.* The R&R properly concluded that "the present case is analogous to *Bay Shore* in that it involves rights granted entirely under state law, and thus, no federal question is presented." R&R at 11.

Plaintiff argues that the R&R erred in analogizing *Bay Shore* to this case. The Court disagrees. First, this case concerns issues arising under state law. The parentally-placed private school students in the underlying proceedings did not have a right to those proceedings under the IDEA, *see* 34 CFR § 300.140(a), and thus brought complaints seeking the underlying proceedings pursuant to state law. Specifically, the proceedings were authorized by New York Education Law § 3602-c(2)(b)(1), which allows for parents or guardians to seek review of IESPs through the procedures set forth in Section 4404 of the New York Education law. Section 4404, in turn, details the appeal procedures, including conducting impartial hearings, for students with disabilities. *See* N.Y. Educ. Law § 4404(1). Thus, the central issue in this case is whether an administrative hearing provided for under New York law entitles the prevailing party to attorneys' fees. That issue requires interpretation of state, rather than federal law. Second, like in *Bay Shore*, the Court does not have a strong federal interest in adjudicating this case. This is because the IDEA's implementing regulations expressly provide that the ability to award attorneys' fees does not apply to the underlying proceedings at issue in this case. *See* 34 CFR § 300.140 (Stating that "the procedures in §§ 300.504 through 300.519," including the fee-shifting

11

provision of §300.517, "do not apply to complaints . . . including [those related to] the provision of services indicated on the child's services plan.").

Plaintiff claims that New York Education Law § 3602-c "does more than imbue private school students with federal rights; it alters their status by making them public school students who already have IDEA rights." R&R Obj. at 14. However, New York Education Law § 3602-c does not expressly confer those rights. Rather, it requires school districts to develop IESPs "in the same manner and with the same contents as an individualized education program" and requires the committee on special education to "assure that special education programs and services are made available to students with disabilities attending nonpublic schools located within the school district on an equitable basis, as compared to special education programs and services provided to other students with disabilities attending public or nonpublic schools located within the school district." N.Y. Educ. L. § 3602-c (2)(b)(1). The plain text of the statute clearly distinguishes between the "equitable" services afforded to children parentally-placed in private schools (and thus with IESPs) and the "special education programs and services" provided to children with IEPs (whether attending public schools or nonpublic schools as an alternative setting for a FAPE). *Id.* That the statute has been referred to as a "dual enrollment" statute by the New York Court of Appeals, *see* R&R Obj. at 15, has no bearing on whether this Court has jurisdiction over claims arising under that statute.

Plaintiff further argues that these provisions of New York state law are incorporated into the IDEA and thereby become "the governing federal rule." *See, e.g.,* R&R Obj. at 7–9. But Plaintiff's argument ignores the very text it cites: this provision only applies to state educational standards that "are consistent with the federal scheme." R&R Obj. at 7 (quoting *Bryant v. N.Y.S. Educ. Dep't*, 692 F.3d 202, 214 (2d Cir. 2012)). As discussed at length in this Opinion, the

federal scheme embodied in the IDEA and its implementing regulations is very clear about its intent to expressly exclude parentally-placed private school children from certain due process rights afforded public school children, including the fee-shifting provisions. New York state is welcome to provide such rights for its own policy reasons, but that choice does not transform the resultant proceedings into ones "brought under" Section 1415.

### 2. The IDEA's "Child Find" Requirement Does Not Confer Jurisdiction

Second, Plaintiff claims that the Court has jurisdiction because the case implicates the IDEA's "Child Find" requirement. *See* R&R at 18. "The 'Child Find' obligation requires each State to have policies and procedures to ensure that all children with disabilities are identified and evaluated for special education and related services." *Mr. P v. W. Hartford Bd. of Educ.*, 885 F.3d 735, 749 (2d Cir. 2018) (citing 34 C.F.R. § 300.111(a)(1)(i)–(ii)). Child Find mandates that "a practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services." 20 U.S.C. § 1412(a)(3)(A). Plaintiff claims that, pursuant to that requirement, all of the underlying cases had an "imbedded" allegation of a "Child Find failure" because "[t]he DOE cannot comply with its obligations under Child Find by identifying a disabled private school student, conducting an evaluation resulting in an IESP, and doing nothing with the IESP." *See* R&R Obj. at 18. But the very statute Plaintiff cites only requires states to develop and implement "a practical *method* . . . to determine which children with disabilities are currently receiving needed special education and related services." 20 U.S.C. § 1412(a)(3)(A) (emphasis added). Nothing in Plaintiff's allegations suggests that the underlying complaints alleged that the state lacked a "method" for determining the children currently receiving special education services. In addition to being divorced from the plain text of the Child Find provision, Plaintiff's interpretation would place

the Child Find provisions of the IDEA in direct conflict with the provisions discussed above that expressly state the due process protections of the IDEA for public school children with IEPs do not apply to parentally-place private school children with IESPs. Accordingly, Plaintiff's effort to find federal jurisdiction for its claims here in the IDEA's Child Find provisions are unpersuasive.[7]

### C. *Res Judicata* Does Not Preclude the Court From Analyzing Subject Matter Jurisdiction

Plaintiff's final objection to the R&R's subject matter jurisdiction conclusion is that *res judicata* principles preclude consideration of subject matter jurisdiction at all. *See* R&R Obj. at 23. According to Plaintiff, "some" of the underlying administrative decisions "stated explicitly in a distinct section that the IDEA conferred jurisdiction over the [proceeding]." *Id.* By Plaintiff's own admission, this argument applies to only some of the underlying proceedings in this case. But even if Plaintiff's argument applied to all of the underlying proceeding, *res judicata* still would not preclude an inquiry into this Court's subject matter jurisdiction. "Under the doctrine of *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Korenblum v. Citigroup, Inc.*, No. 15-CV-03383 (JMF), 2015 WL 6001275, at *1 (S.D.N.Y. Oct. 14, 2015) (quoting *EDP Med. Computer Sys., Inc. v. United States,* 480 F.3d

---

[7] Plaintiff also challenges the R&R's statement that the IDEA provides a "separate framework" for students parentally-placed in private schools. *See* R&R Obj. at 17–19. Plaintiff's argument is belied by the plain text of the statute and its implementing regulations, which contain separate sections addressing the rights of children parentally-placed in private schools and affording them different rights to special education services. *See* 20 U.S.C. § 1412(a)(10)(A) ("Children enrolled in private schools by their parents"); 34 CFR §§ 300.130–300.144 ("Children With Disabilities Enrolled by Their Parents in Private Schools"); *see also* 34 CFR § 300.137(a) ("No parentally-placed private school child with a disability has an individual right to receive some or all of the special education and related services that the child would receive if enrolled in a public school.").

621, 624 (2d Cir. 2007)). The issue of whether a federal district court has jurisdiction over cases seeking attorneys' fees for proceedings challenging the provision of services on an IESP is not an issue that was or could have been raised in any of the underlying proceedings. That certain of the Impartial Hearing Officers in the underlying proceedings may have stated that their authority or decision was pursuant to the IDEA is of no moment; such a conclusion would not bear on whether the proceeding was "brought under" Section 1415 such that this Court has jurisdiction over the claim for attorneys' fees. Accordingly, the doctrine of *res judicata* does not bar the Court from assessing whether it has subject matter jurisdiction over this case.

### III.    THE COMPLAINT FAILED TO STATE A CLAIM

Finally, the R&R concluded that, even if the Court had jurisdiction over the case, Plaintiff's claim should still be dismissed pursuant to Rule 12(b)(6). *See* R&R at 15. The R&R reached this conclusion on the same grounds as its conclusion that the Court lacks subject matter jurisdiction: the R&R found that the state administrative proceedings for which Plaintiff seeks attorneys' fees were not "brought under" Section 1415 of the IDEA, and thus, Plaintiff has not adequately pled entitlement to attorneys' fees under the statute. *See* R&R at 14–15. Plaintiff's objections to this conclusion reiterate the objections made in connection with subject matter jurisdiction. *See* R&R Obj. at 25. For the reasons set forth above, those objections are unavailing. Accordingly, the Court adopts the R&R's conclusion that the Complaint fails to state a claim.[8]

---

[8] Plaintiff also objected to the R&R's discussion of whether Plaintiff is the proper party to this case. *See* R&R Obj. at 25. The R&R reached no conclusion on that issue and so it need not be addressed here either.

## CONCLUSION

For all the reasons set forth above, the Court ADOPTS the R&R in full and DISMISSES the case for lack of subject matter jurisdiction. If Plaintiff believes that any of the underlying proceedings were brought under Section 1415 of the IDEA, consistent with the analysis in this Opinion, Plaintiff may file individual actions seeking attorneys' fees for those cases.

Dated: September 30, 2025
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge